NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianlee.com
JARED T. DENSEN, SBN 325164
jared.densen@salisianlee.com
PATTY W. CHEN, SBN 322922
patty.chen@salisianlee.com
**SALISIAN | LEE LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2924
Telephone: (213) 622-9100
Facsimile: (800) 622-9145

MARISA D. POULOS (SBN 197904)
marisa.poulos@balboacapital.com
**BALBOA CAPITAL CORPORATION**
575 Anton Boulevard, 12th Floor
Costa Mesa, California 92626
Tel: (949) 399-6303

Attorneys for Plaintiff
BALBOA CAPITAL CORPORATION

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALBOA CAPITAL CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BLAZE TRUCKING LLC, a Pennsylvania limited liability company; GREGORY BLAISE, an individual,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF BALBOA CAPITAL CORPORATION'S COMPLAINT FOR:**<br><br>**1. BREACH OF EQUIPMENT FINANCING AGREEMENT**<br><br>**2. BREACH OF PERSONAL GUARANTY** |

COMPLAINT

Plaintiff Balboa Capital Corporation ("Balboa" or "Plaintiff") alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Balboa Capital Corporation ("Balboa" or "Plaintiff") is, and at all times relevant to this action was, a California corporation with its principal place of business in the State of California, County of Orange. Balboa is a wholly owned subsidiary of Ameris Bank, a Georgia state-chartered banking corporation.

2. Defendant Blaze Trucking LLC ("Blaze Trucking") is, and at all times relevant to this action was, a Pennsylvania limited liability company with its principal place of business in the County of Lehigh, State of Pennsylvania.

3. Defendant Gregory Blaise ("Blaise"), an individual, is, and at all times relevant to this action was, a resident of the County of Lehigh, State of Pennsylvania, and was an officer, member, director, agent and/or owner of Defendant Blaze Trucking. Based on information and belief, including the Driver's License submitted by Blaise to Balboa, Blaise is domiciled in Fogelsville, Pennsylvania 18051.

4. Based upon research, and information and belief, Blaze Trucking has two members – Defendant Blaise and Amy Blaise ("Amy") – who are both citizens of the State of Pennsylvania. Thus, Blaze Trucking is a citizen of the State of Pennsylvania.

5. Plaintiff is informed and believes, and thereon alleges, that each Defendant, directly or indirectly, or through agents or other persons, was engaged with some or all of the other Defendants in a joint enterprise for profit and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have

known about the foregoing, and that each Defendant authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other Defendants.

6. The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California Civil Code Sections 1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California Civil Code Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

7. Pursuant to the Equipment Financing Agreement and Personal Guaranty described herein below, Defendants agreed those documents would be governed by the laws of the State of California. In addition, the Equipment Financing Agreement provides, in pertinent part, as follows:

> **30. CONSENT TO EXCLUSIVE AND MANDATORY JURISDICTION AND VENUE OF CALIFORNIA.** Debtor submits to the jurisdiction of California and agrees that any action or proceeding to enforce this Agreement, or any action or proceeding arising out of or related to this Agreement will be exclusively commenced, initiated and litigated in the California State Courts of Orange County California and/or the United States District Court for the Central District of California, Santa Ana Division.

8. Jurisdiction. This Court has jurisdiction over the case pursuant to 28 U.S.C. §1332(a).

9. Specifically, as described above, Balboa is a citizen of the State of California; Blaze Trucking is a citizen of the State of Pennsylvania; and Blaise is a citizen of the State of Pennsylvania. As such, neither Blaze Trucking nor Blaise is a citizen of California, and there exists complete diversity of citizenship between Plaintiff and Defendants. Lastly, as alleged herein, the amount in controversy exceeds $75,000.

10. Venue. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. §84(c)(3).

11. All officers of Balboa, including all witnesses, and all of Balboa's documents are located in the State of California, County of Orange. The

COMPLAINT

transactions at issue in this Action occurred in the State of California, County of Orange.

## FIRST CAUSE OF ACTION

### (Breach of Equipment Financing Agreement)

### (Against Blaze Trucking)

12. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

13. Prior to May 2022, Balboa is informed and believes that Blaze Trucking initiated and engaged with Bruckner Truck Sales, Inc. - Enid. located at 5913 E. Owen K Garriott Rd, Enid, OK 73701 (the "Equipment Vendor"), in order to coordinate the acquisition and financing of certain equipment (hereinafter referred to as the "Collateral") for its business. The Equipment Vendor worked with Blaze Trucking in the selection of the Collateral and in coordinating its delivery.

14. Thereafter, Balboa is informed and believes, and therefore alleges, that the Equipment Vendor initiated and coordinated submission of Defendant's electronic credit application to Balboa and other financial institutions. Upon review, Blaze Trucking concluded that Balboa offered agreeable terms to finance the Collateral commensurate with its requirements. Thereafter, the Equipment Vendor accumulated and submitted to Balboa the requisite signatories, documentation and financial information from the Defendant to finance the Collateral being supplied by the Equipment Vendor.

15. On or about May 4, 2022, Blaze Trucking executed a certain written Equipment Financing Agreement No. 226015-001 (the "EFA"), under the terms of which Balboa loaned to Blaze Trucking the principal sum of One Hundred Sixty Thousand Nine Hundred Five Dollars and Sixteen Cents ($160,905.16) in order to finance the Collateral for its business. The EFA required Blaze Trucking to make sixty (60) monthly payments of $3,398.10, payable on the 2nd day of each month

beginning July 2, 2022.  A true and correct copy of the EFA is attached as **Exhibit A** and is incorporated here by reference.

16.  The last payment received by Balboa was credited toward the monthly payment due for November 2, 2023.  Therefore, on or about December 2, 2023, Blaze Trucking breached the EFA by failing to make the monthly payment due on that date.  Defendant Blaze Trucking's failure to make timely payments is a default under the terms of the EFA.

17.  In accordance with the EFA, and as a proximate result of Blaze Trucking's default thereunder, Balboa declared the entire balance of the payments under the EFA to be immediately due and payable to Balboa.  Therefore, there became due the sum of $146,118.31.  These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Blaze Trucking.

18.  Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of the EFA, except as excused or prevented by the conduct of Blaze Trucking.

19.  As a proximate result of Blaze Trucking's breach of the EFA, Balboa has been damaged in the total sum of **$146,118.31**, plus prejudgment interest from December 2, 2023, until the entry of judgment herein.

20.  Further, under the terms of the EFA, Blaze Trucking promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA.  Therefore, Balboa requests the Court award Balboa it's reasonable attorneys' fees and costs as against Blaze Trucking.

21.  The EFA also provides Balboa the remedy of possession of the Collateral and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining Collateral and apply the net proceeds from the sale to the remaining loan balance.  Alternatively, if possession cannot be had, Balboa is entitled to recover the value of the Collateral.

## SECOND CAUSE OF ACTION

### (Breach of Personal Guaranty)

### (Against Blaise)

22. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

23. Concurrent with the execution of the EFA, and in order to induce Balboa to enter into the EFA with Blaze Trucking, Blaise guaranteed, in writing, the payment of the then existing and future indebtedness due and owing to Balboa under the terms of the EFA. A true and correct copy of the written Personal Guaranty signed by Blaise (the "Guaranty") is attached as **Exhibit B** and incorporated herein by reference.

24. Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of the Guaranty, except as excused or prevented by the conduct of Blaise.

25. Following a default of Blaze Trucking under the terms of the EFA, Balboa demanded Blaise make the payments required under the EFA. Blaise failed to meet the Guaranty obligations and make the payments required under the EFA.

26. Pursuant to the terms of the Guaranty, the sum of $146,118.31, plus prejudgment interest from December 2, 2023, is due and payable to Balboa from Blaise. This Complaint, in addition to previous demands, shall constitute further demand upon Blaise to pay the entire indebtedness due and owing from Blaze Trucking to Balboa under the terms of the EFA.

27. Under the terms of the Guaranty, Blaise promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA and the Guaranty. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs, as against Blaise.

COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Balboa prays for judgment against Defendants, and each of them, as follows:

**On All Causes of Action:**

1. The sum $146,118.31;
2. Prejudgment interest from December 2, 2023 to the date of entry of judgment;
3. Late charges and non-sufficient charges in an amount to be proven at trial;
4. An order to recover possession of the Collateral, which is the subject of the EFA, or if the Collateral cannot be delivered, for its reasonable value according to proof;
5. Reasonable attorneys' fees and costs;
6. Costs of suit as provided by law; and
7. Such other and further relief that the Court considers proper.

DATED: October 16, 2024

SALISIAN | LEE LLP

By: _____
Jared T. Densen
Neal S. Salisian
Patty W. Chen

Attorneys for Plaintiff
BALBOA CAPITAL CORPORATION